IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE, <br><br> Plaintiff, <br><br> v. <br><br> BARBARA BAGLEY, as Personal Representative of the Estate of Bradley M. Vom Baur, and BUSINESS LOAN CENTER, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS COUNTERCLAIM** <br><br> Case No.: 2:13-cv-00089-RJS <br><br> Judge Robert J. Shelby |

The parties in this case have asked the court for declaratory relief concerning a life insurance policy Plaintiff issued in 2005 to the now-deceased Bradley Vom Baur (the Policy). Vom Baur died in 2012. In its sole claim, Plaintiff American General Life Insurance asks the court to declare that the Policy is subject to rescission and void *ab initio* due to Vom Baur's alleged misrepresentations in a 2011 application to reinstate the Policy, as well as undisclosed health issues treated between the time of Vom Baur's reinstatement application and Plaintiff's reinstatement of the Policy. Defendants are Barbara Bagley, the personal representative for Vom Baur's estate, and Business Loan Center, an entity to which Vom Baur assigned part of the Policy proceeds. Defendants jointly assert a lone Counterclaim seeking a declaration that the Policy is valid and binding, and that Plaintiff must pay Defendants a $350,000 death benefit.

Plaintiff now moves to dismiss Defendants' Counterclaim on the ground that "the declaratory relief sought by Defendants (that the Policy is valid) is the mirror image of the relief sought by [Plaintiff] (that the Policy is void) and should be dismissed as redundant." (Dkt. 18 at 2.) The court concludes oral argument on the Motion is unnecessary, and issues this ruling after

1

careful consideration of the parties' briefing and relevant legal authorities. For the reasons stated below, the court declines to exercise its discretion to dismiss Defendants' Counterclaim at this time.

## I.      FACTUAL BACKGROUND

Plaintiff's Motion turns on a comparison of the allegations in the Complaint with those set forth in Defendants' Counterclaim. These pleadings are reviewed in turn.

### A. Plaintiff's Complaint

In its Complaint, Plaintiff alleges that decedent Vom Baur applied to Plaintiff in October 2005 for a life insurance policy. Plaintiff approved Vom Baur's application and, on November 25, 2005, delivered the Policy with a death benefit of $350,000. Before the Policy was delivered, Vom Baur assigned a $317,000 interest in the policy as collateral to Defendant Business Loan Center.

The Policy lapsed for nonpayment of premiums on July 25, 2011. Vom Baur then sought reinstatement of the Policy. On August 23, 2011, he completed and signed an application for reinstatement in which he answered questions about his health. Plaintiff reinstated the Policy on October 4, 2011. On January 6, 2012, Vom Baur died in a traffic accident.

Plaintiff claims that Vom Baur provided material misrepresentations in his application for reinstatement concerning his weight and other health issues. Plaintiff claims that if Vom Baur had been truthful about his health, it would not have reinstated the Policy. Further, the reinstatement application Vom Baur signed allegedly informed him that no health changes could occur between the date he signed the application and the date of the policy reinstatement. Plaintiff claims that Vom Baur saw a health care provider on October 1, 2011, "for a condition or conditions that would have changed his answers" on the application.

Plaintiff's sole claim for relief is a request for declaratory judgment that the Policy is null, void and rescinded *ab initio*, and that no insurance was ever in effect due to "(1) Mr. [Vom] Baur's failure to meet the conditions in the Reinstatement Application that required no change in health that would change the answers on the Reinstatement Application before reinstatement, and (2) the fraudulent and/or material misrepresentations and omissions that Mr. [Vom] Baur made on the Reinstatement Application." (Dkt. 2 at ¶ 28.) Plaintiff also seeks its costs of suit and any "such other relief as the Court deems equitable and just to [Plaintiff]." (Dkt. 2 at 8.)

### B. Defendants' Answer and Counterclaim

Defendants responded to Plaintiff's Complaint with a jointly-filed Answer and Counterclaim. (Dkt. 12.) In their Answer, Defendants deny that Plaintiff is entitled to any recovery. Defendants seek dismissal of the Complaint and their attorney's fees and costs. In their Counterclaim, Defendants allege quite briefly that Vom Baur obtained in 2005 a life insurance policy from the Plaintiff with a death benefit of "at least $350,000"; that he assigned a portion of the proceeds of the Policy to Defendant Business Loan Center "to secure a business loan"; that Vom Baur died in a traffic accident on January 6, 2012; and that Plaintiff has paid no benefits under the Policy to date. (Dkt. 12 at 8, ¶¶ 8-12.) Defendants seek a declaration from the court that the Policy is "valid and binding upon the parties, with all payments associated therewith to be due and payable in-full" to the Defendants.

### II. DISCUSSION

The issue before the court is whether Defendants' Counterclaim should be dismissed on the grounds that it presents a mirror-image of Plaintiff's Complaint and therefore is redundant. According to Plaintiff, the Counterclaim should be dismissed because disposition of the Complaint will render Defendants' Counterclaim moot, as the court "will necessarily determine

the issue of policy validity and payment of any benefits when adjudicating [Plaintiff's] claim for a declaratory judgment." (Dkt. 18 at 5.)

Defendants dispute that their Counterclaim is a mirror image of the Complaint. Defendants note that even if the court denies Plaintiff its requested relief, and indeed concludes that the Policy is not void for the reasons alleged in the Complaint, Plaintiff "could potentially stall and thwart the payment of benefits…by asserting some additional basis or reason for not paying the benefits." (Dkt. 21 at 4.) Defendants claim that they have asserted their Counterclaim to avoid this result and to ensure that they are protected from any new contentions that the Policy is somehow invalid or that Plaintiff need not pay the death benefit owing under the Policy. In short, Defendants submit that the Counterclaim promotes efficiency and judicial economy by resolving in a single action all issues relating to the validity of the Policy and payment of its proceeds.

As discussed below, the court agrees with Defendants that the Counterclaim is not strictly a mirror image of Plaintiff's Complaint. At this early stage in the litigation, the court concludes that dismissal of the Counterclaim is unwarranted and premature, particularly as Plaintiff identifies no unfair prejudice to it resulting from inclusion of the Counterclaim.

## A. Legal Principles

In moving to dismiss Defendants' Counterclaim, Plaintiff cites Rules 12(b)(6) and 8(a)(2), Federal Rules of Civil Procedure. Plaintiff correctly notes that under these Rules, a party may move to dismiss a claim when a claimant fails to "state a claim upon which relief may be granted," and that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." (Dkt. 18 at 3.) But Plaintiff's argument is not directed to showing why Defendants' Counterclaim is deficient under these Rules. Rather, Plaintiff argues

that the court should "dismiss Defendants' Counterclaim because it is a mirror image of [Plaintiff's] claim for declaratory judgment and unnecessarily duplicative." (Dkt. 23 at 3.)

In substance, the court views Plaintiff's motion as one to strike Defendants' Counterclaim. Under Rule 12(f), Federal Rules of Civil Procedure, the court "may strike from a pleading. . . any redundant . . . matter." Courts addressing dismissal of allegedly redundant counterclaims alternatively cite this Rule, or sometimes Rule 8(c)(2), which provides that if a party mistakenly designates a defense as a counterclaim, "the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." *See, e.g., MRSI International, Inc. v. Bluespan, Inc.,* 2006 WL 2711791 (D.Utah Sept. 21, 2006) (J. Kimball) (citing Rules 12(f) and 8(c)(2)); *Cincinnati Specialty v. DMH Holdings, LLC*, 2013 WL 683493, at *4, n.2 (N.D.Ind. Feb. 22, 2013) (dismissing mirror image counterclaim pursuant to Rule 12(f)).

The Tenth Circuit Court of Appeals has not addressed whether a counterclaim that is the mirror image of a plaintiff's initial complaint should be dismissed on the grounds that it is redundant and will be rendered moot upon disposition of the complaint. It has, however, warned that although a ruling on a motion to strike is reviewed for abuse of discretion, "[a] court should proceed with extreme caution in striking a pleading." *MRSI,* 2006 WL 2711791, at *1 (quoting *Colorado Milling & Elevator Co. v. Howbert*, 57 F.2d 769, 771 (10th Cir. 1932)); *Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir. 1994) (motions to strike reviewed for abuse of discretion) (other citations omitted).

In the patent context, this court has addressed the issue of whether to strike or dismiss counterclaims that were allegedly duplicative of the defendant's affirmative defenses and a mirror image of the plaintiff's own claims. *MRSI,* 2006 WL 2711791. In *MRSI*, the allegedly

infringing defendant had asserted affirmative defenses of noninfringement and invalidity. It also asserted counterclaims for declaratory judgment of non-infringement and invalidity of the accused patents. *Id.* at \*1. Pursuant to Rule 12(f), the plaintiff moved to dismiss or strike the counterclaims as redundant. *Id.*

This court denied the motion, citing the possibility that the infringement issues could be determined without adjudicating the validity issues, which would leave part of the defendant's counterclaim unresolved. *Id.* at \*1 (noting that "allowing a counterclaim for declaratory relief assures that a patent's validity will be determined regardless of the outcome of the infringement suit.") (citing *Altvater v. Freeman,* 319 U.S. 359, 363 (1943) (noting that "the issue of validity may be raised by a counterclaim in an infringement suit.") (other citations omitted)). Further, although the court noted that Rule 8(c) allowed it to treat a counterclaim as an affirmative defense, such treatment was unwarranted where it would not assure that validity issues would be adjudicated, but allowing the counterclaim would. *Id.* Finally, this court noted that the plaintiff had not cited any notable prejudice that would ensue if the counterclaims survived. *Id.* at \*2.

Outside the patent context, courts considering the issue before the court differ widely in their approach. *See* 6 Charles Alan Wright, Arthur R. Miller, et. al., Federal Practice and Procedure § 1406 (3d ed.) (noting split) and *Penn Mutual Life Ins. Co. v. Espinosa,* 2010 WL 3023402 (D.Del. July 30, 2010), at \*6 (noting that while courts in the Third Circuit "have dismissed declaratory judgment counterclaims when a complete identity of legal and factual issues exists," at least one court in that circuit refused to do so on the basis that it knew of "no rule preventing the assertion of a counterclaim merely because the theory relied upon is the converse of that in the complaint." (quoting *Iron Mountain Sec. Storage v. Am. Specialty Foods, Inc.*, 457 F.Supp. 1158, 1161-62 (E.D. Pa. 1978))).

For instance, one court in the Northern District of Indiana recently dismissed a counterclaim in which an insured sought declaratory relief that nearly identically mirrored the liability insurer's original complaint on the issues of policy limits, coverage for punitive damages, and coverage for all underlying claims. *Cincinnati Specialty,* 2013 WL 683493, at \*4-5. Because the counterclaim was redundant, the court found that it "should be stricken pursuant to Rule 12(f)." *Id.* at \*5.

In contrast, the District Court for the District of Kansas denied an insured plaintiff's motion to dismiss a counterclaim asserted by an insurer. *Blue Cross and Blue Shield of Kansas, Inc. v. St. Paul Mercury Ins. Co., et. al.,* 1990 WL 41403 (D.Kan. March 23, 1990). There, the plaintiff asserted tort and contract claims against the defendant insurers, alleging that they had "breached their obligation to defend [it] or provide indemnity benefits in connection with a lawsuit against [it]." *Id.* at \*1. One defendant filed a counterclaim seeking a declaration as to its "liability to plaintiff in connection with its insurance policy and the lawsuit against plaintiff." *Id.* Plaintiff moved to dismiss the counterclaim on the grounds that "it raises no issues beyond the scope of plaintiff's complaint." *Id.* The defendant agreed that its counterclaim raised no new issues, but did not want to waive any potentially compulsory counterclaims. Thus, the defendant asked that dismissal only be granted "with the express finding that declaratory relief is an inherent part of plaintiff's prayer in this case." *Id.*

Instead, the court determined simply to deny the plaintiff's motion to dismiss. In doing so, it cited the following excerpt from *Iron Mountain:*

> Defendants would have every right to seek a judgment declaring that their interpretation of the contract is the correct one. A ruling adverse to the plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically follow from that judgment that defendants' interpretation of the contract was the correct one,

defendants would not be entitled to a judgment to that effect unless they specifically requested one.

*Id.* (quoting *Iron Mountain,* 457 F.Supp. at 1161-62).

Even courts adopting the approach here urged by Plaintiff do so with caution. For example, although the *Espinosa* court dismissed a redundant counterclaim, it emphasized that "the difficulty in determining whether a declaratory judgment counterclaim is in fact redundant prior to trial" requires that a court should dismiss such counterclaims "only when there is no doubt that they will be rendered moot by adjudication of the main action." 2010 WL 3023402 (D.Del. July 30, 2010), at *6 (quoting *Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust*, 674 F.Supp.2d 562, 566 (D.Del. 2009) (other citations omitted)).

### B.  Plaintiff's Motion to Dismiss Defendants' Counterclaim

In light of the above-cited authorities, the court exercises caution in analyzing Plaintiff's Motion, which it construes as a motion to strike. While the court may strike and dismiss Defendants' Counterclaim if it proves redundant, this should only occur if there exists "no doubt" that the Counterclaim will be rendered moot by adjudication of the Plaintiff's Complaint. If such doubt exists, and particularly if there is no discernible prejudice to the Plaintiff, the motion to strike should be denied.

Plaintiff's lone claim is for declaratory judgment that the Policy is null, void and rescinded on two specific grounds: 1) that Vom Baur's health changed between the time he completed the Policy reinstatement application and the time the Policy was reinstated; and 2) that Vom Baur made material misrepresentations in the reinstatement application. (Dkt. 2 at 7-8.) Defendants seek in their Counterclaim a declaratory judgment that the Policy is valid and binding, and that they are entitled to the benefits outlined in the Policy.

Resolution of the two discrete issues presented by Plaintiff's Complaint will not necessarily render Defendants' Counterclaim moot. If the court concludes Plaintiff is not entitled to the declaration sought, the issues raised in Defendants' Counterclaim may remain unresolved. Even if it is determined that Plaintiff is not entitled to rescission, it does not necessarily follow that Defendants are entitled to receive the Policy's death benefit, particularly where Plaintiff has not stipulated that it will waive any and all other Policy defenses, and will pay the death benefit to Defendants in full in the event of an adverse ruling on Plaintiff's declaratory judgment claim. Thus, the court finds that the Counterclaim is not strictly redundant of the claim Plaintiff asserts for rescission based on Vom Baur's health issues and alleged misrepresentations.

This conclusion is further supported by the lack of any notable prejudice cited by Plaintiff if Defendants' Counterclaim is permitted. If, as the case develops, it becomes clear that the resolution of Plaintiff's Complaint necessarily will moot Defendants' Counterclaim in its entirety, then Plaintiff may renew its Motion. At this time, however, the Motion is DENIED without prejudice.

It is so ORDERED.

Dated this ____4th____ day of_November_2013

BY THE COURT

Robert J. Shelby
United States District Court

9